IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GARY M. & JOYCE BURIVAL, | ) | |
| RICHARD BURIVAL & PHILLIP | ) | 8:10CV298 |
| BURIVAL, d/b/a BURIVAL BROTHERS, | ) | |
| a Partnership, | ) | BK07-42271 |
| | ) | A10-4008 |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| RICK D. LANGE, Chapter 11, Trustee, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES WIDTFELDT, | ) | |
| | ) | |
| Defendant/Appellant | ) | |

This matter is before the court on defendant/appellant James Widtfeldt's appeal, Filing No. 1, of the bankruptcy court's order granting trustee Rick D. Lange's motion for summary judgment in a priority dispute. *See Lange v. Widtfeldt, Inc.,* Bankruptcy Case No. 07-42271, Adversary Proceeding No. 10-4008 (hereinafter, "Bankr. Ct. R."), Filing No. 25, Judgment. The bankruptcy court declared Widtfeldt's U.C.C. filings invalid and his claimed liens and security interests void and accordingly determined that Widfeldt's claims were general unsecured claims. *Id.*, Bankr. Record, Filing No. 23. Pursuant to 28 U.S.C. § 158(c)(1)(A), Widtfeldt has elected to appeal to this court.

**I. FACTS**

The debtors, Gary and Joyce Burival and Richard Burival and Phillip Burival d/b/a Burival Brothers, filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Nebraska on November 29, 2007. Rick D. Lange is the Chapter 11 Bankruptcy Trustee of the debtors' jointly administered bankruptcy cases. Bankr. Ct.

R., Filing No. 14, Affidavit of Rick D. Lange ("Lange Aff.") at 1.  Widtfeldt filed identical proofs of claims in both of the Burivals' consolidated bankruptcy cases, each for "rent and expenses" of $17,500.00 and for "wages" of $2,000.00.  *Id.,* Filing Nos. 12 and 13, Exhibits (proofs of claim).  Widtfeldt's claims are based on a purported lease on certain property in Holt County, Nebraska.  *Id.*, (attached leases).  He claims priority under Bankruptcy Code § 507(a)(4).  *Id.*

The record shows Gary and Joyce Burival farmed land that Widfeldt owned in 2007 and preceding years. *Id.*, Filing No. 23, Order at 1.  There was no signed lease agreement for 2007.  *Id.*  Widtfeldt contends that there was also no oral agreement to lease the land and characterizes the Burivals as trespassers who stole the 2007 corn crop owned by him, as well as his portion of the cornstalks from the 2006 crop.  *Id.*; Filing No. 18, Widfeldt motion for summary judgment and objection to claim at 2.

The bankruptcy trustee filed an adversary proceeding to declare void, or to the extent not void, to avoid, the liens filed by Widtfeldt against property owned by the debtors. *Id.*, Filing No. 1.  The parties filed cross-motions for summary judgment and the bankruptcy court found in favor of the trustee and against Widtfeldt.  *Id.*, Filing Nos. 11 & 18, Motions; Filing No. 23, Order.

Before the Burivals filed bankruptcy, Widtfeldt had filed a U.C.C. financing statement against Gary and Joyce Burival claiming a security interest in the debtors' corn crop on his premises.  *Id.*, Filing No. 12, Exhibit.  He filed another U.C.C. financing statement against them on the day after they filed bankruptcy.  *Id.* Filing No. 13, Exhibit.  Neither financing statement names Burival Brothers.  *Id.*  Earlier Widtfeldt had filed a financing statement at 9904343516-2 with the Nebraska Secretary of State in 2004 (the "2004 financing statement").  *Id.*, Ex. 14, Affidavit of Rick D. Lange ("Lange Aff.") at 3, 5-8 (attached U.C.C. Financing Statement).  The 2004 financing statement names the debtors as "Burival

Partnership" and "Gary Burival" and includes a 2004 Lease signed by Gary A. Burival, Joyce A. Burival, and Edwin Burival. *Id.* The 2004 financing statement is not included in Widtfeldt's proofs of claims. *See id*., Ex. 14, Lange Aff. at 1-2.

On appeal, Widfeldt, *pro se*, argues, in largely incoherent pleadings, that the Burivals are liable for racketeering and that he should be allowed to recover *in quantum meruit.*

## II.  DISCUSSION

"When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and its findings of fact for clear error." *See* 28 U.S.C. §1334; *In re Rine & Rine Auctioneers, Inc.*, 74 F.3d 854, 857 (8th Cir. 1996). A factual finding is clearly erroneous if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or "if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Johnson v. Arkansas State Police,* 10 F.3d 547, 552 (8th Cir. 1993) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)).

Summary judgment is proper when there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth the specific facts showing that there is a genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian*

3

*Hills Cmty. Coll.,* 371 F.3d 394, 396 (8th Cir. 2004). The review of a motion granting summary judgment is de novo on the record. *Maitland v. University of Minnesota,* 43 F.3d 357, 360 (8th Cir. 1994). If the record shows that there is no genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law, the granting of summary judgment will be affirmed. *Id.*

Under Nebraska law, when a lease is on a cash rent basis, "the landlord's only recourse in the crops would be through an agreement with the tenant to give a security interest in the crops." *Lone Oak Farm Corp. v. Riverside Fertilizer Co.*, 428 N.W.2d 175, 178 (Neb. 1988). "If a landowner holds a landlord's lien created by the lease agreement, it is governed by the U.C.C. and the landlord must file a financing statement and perfect that security interest prior to one of the tenant's creditors doing so." *Ag Servs. of Am., Inc. v. Empfield,* 587 N.W.2d 871, 874 (Neb. 1999); *see also* Neb. U.C.C. § 9-310.

The sufficiency of information in a financing statement is a mixed question of law and fact. *See Mid-America Dairymen, Inc. v. Newman Grove Co-op. Creamery, Inc.,* 214 N.W.2d 18, 24-26 (Neb. 1974). The Uniform Commercial Code requires three things for a valid, enforceable security interest: (1) value has been given; (2) the debtor has rights in the collateral; and (3) the debtor signs a security agreement containing a description of the collateral. Neb. U.C.C. § 9-203(b). For a security agreement to attach, one of requirements is that agreement be in writing, unless collateral is in possession of secured party. *Paus Motor Sales, Inc. v. Western Sur. Co.*, 572 N.W.2d 403, 408 (Neb. App. 1997).

Widtfeldt admits that he has no signed lease and, therefore, no signed security agreement. It is undisputed that the leases attached to Widtfeldt's claims are unsigned. The court also agrees with the bankruptcy court's finding that the financing statements are

void and grant Widtfeldt no security interest in the corn grown on the land at issue. Further, the court agrees with the bankruptcy court's finding that financing statement #2 is avoidable as a post-petition transfer or as an avoidable preference filed within 90 days of the bankruptcy filing. The financing statement filed in 2004 is of no consequence because crops harvested in that year are not assets of the bankruptcy estate. Widtfeldt has presented no evidence of racketeering activity and there is no evidence on which to base any award of damages under a quantum meruit theory. Widtfeldt failed to present those arguments to the bankruptcy court and they would not be considered by this court in any event.

### III.  CONCLUSION

The court finds that the order of the bankruptcy court should be affirmed. The trustee is entitled to judgment as a matter of law on the validity of Mr. Widtfeldt's purported security interests. Accordingly,

IT IS ORDERED:

1   The judgment of the bankruptcy court is affirmed.

2.   This appeal is dismissed.

DATED this 8th day of June, 2011.

BY THE COURT:

s/Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.